UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ADAM D., | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00136-NT |
| | ) | |
| ANDREW M. SAUL, | ) | |
| *Commissioner of Social Security,*[1] | ) | |
| | ) | |
|     *Defendant* | ) | |

## *REPORT AND RECOMMENDED DECISION*[2]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in assessing his residual functional capacity ("RFC") and, even assuming the correctness of that RFC, relying on two light jobs (cashier and garment folder) that he was unable to perform. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 4-7. Finally, he argues that all of the job numbers provided by the vocational expert ("VE") present at his hearing were "wildly inflated[,]" separately warranting remand. *Id*. at 8-12.[3] I find no error in the ALJ's RFC assessment or his reliance on the light job of cashier, which exists in significant

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.
[3] At oral argument, the plaintiff's counsel indicated that her client no longer pressed his additional point that the ALJ erred in relying on three sedentary jobs (order clerk, touchup screener, and cuff folder) without specifying the frequency of his need to alternate sitting and standing. *See* Statement of Errors at 7-8.

numbers in the national economy, and, accordingly, recommend that the court affirm the commissioner's decision. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2019, Finding 1, Record at 12; that he had the severe impairment of degenerative disc disease, Finding 3, *id*. at 13; that he had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he was able to sit, stand, and walk for up to six hours each out of an eight-hour workday, occasionally climb ramps, stairs, ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch, or crawl, needed to avoid concentrated exposure to vibration (defined as vibratory tools) and hazards (defined as unprotected heights), and needed to frequently change positions throughout the course of an eight-hour workday, alternating between sitting and standing, Finding 5, *id*. at 15; that, considering his age (34 years old, defined as a younger individual, on his alleged disability onset date, December 31, 2013), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 19; and that he, therefore, had not been disabled from December 31, 2013, his alleged onset date of disability, through the date of the decision, May 17, 2017, Finding 11, *id*. at 21-22. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health*

*& Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. RFC Determination

The plaintiff first contends that the ALJ erred in relying on the opinion of agency nonexamining consultant Myron Watkins, M.D., that he had the ability to stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday, but "truncating Dr. Watkin[s'] opinion to eliminate the "/or." Statement of Errors at 4. He observes that "there is nothing in the record to support the ALJ's finding that [he] can be on his feet for twelve hours, *i.e.*, stand and walk six hours each." *Id*.

As the commissioner rejoins, this interpretation of the RFC finding "is overly formalistic and reads the RFC in a vacuum." Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 16) at 3. The ALJ did not find that the plaintiff could stand and/or walk for 12 hours a day. Rather, "it is apparent that [he] meant to rely on Dr. Watkins' opinion that Plaintiff could stand *or* walk for a total of six hours in an eight-hour day." *Id*. at 4 (emphasis in original); *see also* Record at 16-17 (giving "great weight" to Dr. Watkins' opinion that the plaintiff

3

could perform light work with some additional limitations); Social Security Ruling 83-10, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 ("SSR 83-10"), at 29 ("the full range" of light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). Further, the ALJ found, and conveyed to the VE at hearing, that the plaintiff could sit, stand, or walk for six hours each "out of an 8-hour workday[.]" Finding 5, Record at 15; *id*. at 74. The VE testified that such an individual could perform the job of cashier II, Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed., rev. 1991) ("DOT"), § 211.462-010. *See id.* at 74; DOT § 211.462-010. While the plaintiff separately challenges the ALJ's reliance on that job, that challenge proves unavailing for the reasons discussed below.

The plaintiff next asserts that, in violation of 20 C.F.R. § 404.1527(c), the ALJ failed to weigh the opinion of treating neurosurgeon Anand Rughani, M.D. *See* Statement of Errors at 4. While the ALJ did not characterize the weight given to portions of that opinion, he discussed it in detail, making clear that he rejected it to the extent that Dr. Rughani implied that the plaintiff "could not perform any full-time work through November 2015 (and possibly until April 2016)[,]" which he deemed "inconsistent with the overall weight of the evidence, including Dr. Rughani's own treatment notes[,]" and adopted it to the extent that Dr. Rughani indicated that the plaintiff "require[d] the ability to frequently change positions in the workplace." Record at 17; *see also id*. at 409. This comported with the requirement that adjudicators "give good reasons . . . for the weight we give your treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2).[4]

---

[4] I quote from the regulation in effect at the time of the issuance of the ALJ's decision. *See* Record at 22. That regulation was superseded as to claims filed on or after March 27, 2017, by 20 C.F.R. § 404.1520c, pursuant to which the commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. § 404.1520c.

4

## B. Reliance on Jobs at Step 5

The plaintiff, finally, challenges the ALJ's reliance on the testimony of the VE present at hearing, Susan Howard, to carry the commissioner's burden at Step 5. *See* Statement of Errors at 6-7, 8-12. He does not dispute that the job of cashier II exists in significant numbers in the national economy, *see id*. at 9-12; however, he contends that the ALJ's reliance on that job was misplaced in that it "require[s] individuals to be on their feet for their entire shift[,] and there is no affirmative evidence of record indicating that [he] is capable of standing for eight hours in an eight-hour workday." Statement of Errors at 6.

The plaintiff's source for the proposition that an individual must stand on his feet for an entire workday to perform the cashier II job is VE David W. Meuse, M.S., CRC, whose affidavit he submitted in response to the testimony of Ms. Howard. *See* Statement of Errors at 6-7; Record at 262-66.

Yet, the ALJ considered the Meuse affidavit, explaining why he declined to credit Mr. Meuse's opinion over that of Ms. Howard. *See* Record at 20-21. While the plaintiff discusses the Meuse affidavit in detail in his statement of errors, he does not address the ALJ's discussion rejecting it. *See* Statement of Errors at 6-7, 9-12. Absent any reasoned argument why the ALJ erred in his resolution of the conflicting VE evidence of record, the plaintiff's reliance on the Meuse affidavit is misplaced in the context of this appeal.

At oral argument, the plaintiff's counsel did challenge the ALJ's rejection of the Meuse affidavit insofar as Mr. Meuse opined that her client was unable to perform the job of cashier II as it is ordinarily performed in the national economy because his need for frequent changes of position constituted an "accommodation" and, in the alternative, precluded the performance of light work pursuant to Social Security Rulings 83-10 and 83-12. Record at 21, 263. However, as

5

counsel for the commissioner rejoined, this point was raised for the first time at oral argument, *see* Statement of Errors at 6-12, as a result of which it is waived, *see, e.g. Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

Because there is no dispute that the cashier II job exists in significant numbers in the national economy, and the plaintiff's other challenges to the ALJ's reliance on that job fall short, I need not, and do not, reach his points of error concerning the remaining four jobs. *See Dana v. Astrue*, Civil No. 09-514-BW, 2010 WL 3397465, at *3 (D. Me. Aug. 24, 2010) (rec dec., *aff'd* Sept. 13, 2010) (This court "has routinely held that a single job available in significant numbers in the national economy is sufficient to meet the commissioner's burden at Step 5.").

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 24th day of July, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge